# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HARPER,<br><br>              Plaintiff,<br><br>     v.<br><br>KINGS COUNTY, *et al.*,<br><br>              Defendants. | Case No.  1:23-cv-00918-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR REMAND OF CASE TO STATE COURT<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Johnathan Harper ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action in Kings County Superior Court on April 13, 2023.  On June 16, 2023, Defendants removed the action to federal court.  (ECF No. 1.)

On July 21, 2023, Plaintiff filed a motion for remand of case to state court.  (ECF No. 8.) Defendants filed an opposition on August 3, 2023.  (ECF No. 10.)  Plaintiff did not file a reply, and the deadline to do so has expired.  The motion is deemed submitted.  Local Rule 230(l).

**II.    Discussion**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

1

1 United States." 28 U.S.C. § 1331.  The removal statute is strictly construed, and Defendants bear
2 the burden of establishing grounds for removal.  *Syngenta Crop Protection, Inc. v. Henson*, 537
3 U.S. 28, 32 (2002); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087
4 (9th Cir. 2009).  As a threshold matter, courts "must consider whether federal jurisdiction exists,
5 even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction,"
6 *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal
7 jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'"
8 *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d
9 564, 566 (9th Cir. 1992)).

10 "The presence or absence of federal-question jurisdiction is governed by the well-pleaded
11 complaint rule, which provides that federal jurisdiction exists only when a federal question is
12 presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v.*
13 *Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes
14 the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance
15 on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

16 Plaintiff argues in his motion to remand that notwithstanding the labeling of the causes of
17 action, the substance of the complaint is derived from state law.  (ECF No. 8, p. 2.)  Plaintiff
18 further contends that "the substance of the causes of action only relate to the federal constitution
19 in the abstract," and despite the labeling of U.S. constitutional violations, the state court lawfully
20 retains jurisdiction of a case that substantiates allegations and relief requested in state laws.  (*Id.*
21 at 8.)  Plaintiff also lists alleged violations of various state laws and local ordinances that were not
22 set forth in the complaint.  (*See id.* at 3–6.)  Finally, Plaintiff argues that the "purposes and
23 substance of the complaint is not intended to be removed to federal court to be boxed in by
24 § 1915 PLRA Screening and the extremely congested caseload of the U.S. District Courts." (*Id.*
25 at 7.)

26 Defendants argue that removal is appropriate because even if Plaintiff has alleged state
27 law violations in addition to the causes of action arising under the U.S. Constitution listed in the
28 complaint, federal district courts still have subject matter jurisdiction and may exercise

supplemental jurisdiction to hear Plaintiff's state law claims, federal district courts may grant declaratory judgments, and remanding this matter to state court would allow Plaintiff to "forum shop" to avoid the screening requirements of the PLRA.  (ECF No. 10.)

In this instance, Plaintiff's complaint, attached to the notice of removal, specifically alleges the following: "FIRST CAUSE OF ACTION, U.S. Constitution Amendment 14, DUE PROCESS," (ECF No. 1-1, p. 23),[1] "SECOND CAUSE OF ACTION, U.S. Constitution Amendment 14, Equal Protection – Class of One," (*id.* at 21), "THIRD CAUSE OF ACTION, U.S. Constitution Amendment 14, Pretrial Punishment," (*id.* at 19), and "FOURTH CAUSE OF ACTION, U.S. Constitution Amendment 1, Freedom of Speech," (*id.* at 28).  Plaintiff does not otherwise cite to any state law authority in support of these causes of action.  (*See id.* at 17–29.) While Plaintiff may argue that the claims arise under the federal constitution only in the abstract, his failure to cite to parallel, much less exclusive, state law authority for the majority of the claims in his complaint belies his contention that he intended to raise only state law claims. Further, Defendants are correct that federal district courts have the authority to both grant declaratory relief and to exercise supplemental jurisdiction over and to decide state law claims. Therefore, the Court has subject matter jurisdiction over this action.

### III.     Conclusion and Recommendation

Plaintiff has not demonstrated that he is entitled to remand.  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to remand, (ECF No. 8), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections

///

///

---

[1] The Court notes for the parties that the version of the complaint attached to the notice of removal appears to have pages that are out of order, although there do not appear to be any pages missing.  The Court will therefore reference the complaint only by its CM/ECF page numbering.

3

within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2023**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE