1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    JOHNATHAN HARPER, | Case No.  1:23-cv-00918-JLT-BAM (PC) |
| 12           Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR |
| 13       v. | LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO OBEY |
| 14    KINGS COUNTY, *et al.*, | COURT ORDER, AND FAILURE TO PROSECUTE |
| 15           Defendants. | (ECF No. 19) |
| 16 | **FOURTEEN (14) DAY DEADLINE** |
| 17 | |

18

## I.    Background

Plaintiff Johnathan Harper ("Plaintiff") is a former pretrial detainee proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action was removed from Kings County Superior Court on June 16, 2023.

On November 5, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and the Court lacked subject matter jurisdiction over the complaint as drafted.  (ECF No. 19.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action for failure to prosecute and failure to comply with a

1

1  court order.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with

2  the Court, and the deadline to do so has expired.

3  **II.    Lack of Subject Matter Jurisdiction**

4      **A.    Screening Requirement**

5      The Court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

8  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

9  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

10     A complaint must contain "a short and plain statement of the claim showing that the

11 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

12 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

14 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

15 true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

16 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

17     To survive screening, Plaintiff's claims must be facially plausible, which requires

18 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

19 for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

20 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

21 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

22 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

23     **B.    Plaintiff's Allegations**

24     Plaintiff is a former pretrial detainee.  The events in the complaint are alleged to have

25 occurred while Plaintiff was housed at the Kings County Jail in Hanford, California.  Plaintiff

26 names the following defendants: (1) Kings County; (2) David Robinson, Sheriff; (3) J. Ruiz;

27 (4) Does 1–50, sued under Code Civ. Proc. § 474; and (5) Does 51–100, employees, personnel,

28 officials, officers, deputies, servants, managers, administrators, agents, and contractors of other

2

1    named defendants.  Plaintiff's use of the word "Defendants" throughout his complaint refers to all

2    defendants except the Doe Defendants.  (ECF No. 1-1, p. 8.)[1]

3        Plaintiff alleges the following causes of action: Fourteenth Amendment Due Process;

4    Fourteenth Amendment Equal Protection – "class of one"; Fourteenth Amendment Pretrial

5    Punishment; First Amendment Freedom of Speech; Municipal Liability for Failure to Train,

6    Supervise, and Discipline; Municipal Liability for Long-Standing and Prevalent Unconstitutional

7    Policies and Customary Practices.

8        Plaintiff's complaint, which is nearly forty pages in length, challenges a variety of

9    policies, practices, and failures to supervise and train personnel of the Kings County Jail.  These

10   include the mishandling of detainee grievances and complaints, "Group Retaliation" and "Group

11   Punishment," unequal access to tablets for use by inmates, unreasonable enforcement and

12   creation of policies regarding the dimming or covering of cell light fixtures unrelated to

13   institutional safety and security, and targeting Plaintiff for write-ups and interference with

14   Plaintiff's ongoing litigation, among others.

15       Plaintiff seeks the following relief:

16       (1) For a declaration that inmates are entitled to administrative remedy while in
             custody of the county sheriff; that citizen complaints are to be reasonably
17           investigated and appropriate disciplinary action taken—if any—and for a
             declaration that Group Retaliation and Group Punishment tactics are illegal to
18           use on inmates; that inmates are to be treated co-equally as for accessibility to
             tablets; that inmates are to be treated co-equally regardless of exercise of legal
19           rights or not; and, for inmates to be disciplined only for legitimate purposes

20       (2) For issuance of a TRO restraining Defendant J. Ruiz from taking Plaintiff's
             legal paperwork from his cell
21
         (3) For issuance of a preliminary injunction enjoining Defendants David
22           Robinson and Kings County to provide coequal access to tablets despite
             financial ability, to discontinue Group Retaliation and Group Punishment
23           tactics against inmates, and to not discipline inmates except for legitimate
             purposes
24       (4) For costs of suit herein incurred; and

25       (5) For such other and further relief as the Court may deem proper and just

26   _____

27   [1] The Court notes that the complaint provided is out of order according to the internal pagination of the document.
     (*See* ECF No. 1-1, pp. 16–27.)  Although the Court has read the complaint in the correct order according to the
     internal page numbering, for ease of reference the Court cites to the complaint using only the applicable CM/ECF
28   page numbering.

1  (ECF No. 1-1, pp. 42–43 (unedited text).)

2  **C.    Discussion**

3  **1.    Federal Rule of Civil Procedure 8**

4  Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

5  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations

6  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must

8  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

9  its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations

10  are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

11  572 F.3d at 969.

12  Here, Plaintiff's complaint is nearly forty pages in length, and is neither a short nor plain

13  statement of his claims. Plaintiff's complaint challenges a variety of policies allegedly in place at

14  the Kings County Jail, but does not clearly identify how each policy has affected Plaintiff, if at

15  all. Plaintiff's allegations are lengthy and rambling, but also conclusory and often do not state

16  what happened, when it happened, or who was involved. General assertions regarding the

17  Defendants' acts or failures to act with respect to certain policies or practices are not sufficient to

18  state a cognizable claim.

19  **2.    Subject Matter Jurisdiction**

20  As noted above, Plaintiff requests only declaratory and injunctive relief in this action. At

21  the time of the events in the complaint and at the time this action was removed from Kings

22  County Superior Court, Plaintiff was a pretrial detainee housed at the Kings County Jail. (*See*

23  ECF No. 1.) On October 5, 2023, Plaintiff submitted a notice of change of address dated

24  September 29, 2023, indicating that he had been released from custody to a residential address in

25  Fresno County. (ECF No. 13.) In January and February 2024, Plaintiff again updated his address

26  to indicate that he had moved to residential addresses in Sacramento County. (ECF Nos. 16–18.)

27  To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A

28  declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

4

1    judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*,

2    333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

3    purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

4    afford relief from the uncertainty and controversy faced by the parties." *United States v.*

5    *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns

6    a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional

7    rights were violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is

8    unnecessary.

9        Insofar as Plaintiff seeks injunctive relief, any such request is now moot.  Plaintiff is no

10    longer in custody or housed at the Kings County Jail.  Therefore, any injunctive relief he seeks

11    against the staff or officials of the Kings County Jail is moot.  *See Andrews v. Cervantes*, 493

12    F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become

13    moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam)

14    (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner

15    has been moved and "he has demonstrated no reasonable expectation of returning to [the

16    prison]")).

17        Plaintiff requests exclusively declaratory and injunctive relief in the complaint.  As

18    Plaintiff has not reported a change of address located in or near Kings County since his release

19    from custody and there is no indication that Plaintiff has a "reasonable expectation" that he will

20    be held in custody at the Kings County Jail in the future, the Court finds that the complaint should

21    be dismissed, as Plaintiff's claims are now moot.  Since his release from custody, Plaintiff is no

22    longer subject to the policies or practices of the Kings County Jail, and therefore there is no

23    longer a "case or controversy" before the Court.  *See Societe de Conditionnement en Aluminium*

24    *v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981) (citing 28 U.S.C. § 2201;

25    *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937)).  The Court therefore finds that it

26    lacks subject matter jurisdiction to declare the policies of the Kings County Jail unconstitutional

27    or to provide any of the requested injunctive relief.

28    ///

5

1    **III.    Failure to Prosecute and Failure to Obey a Court Order**

2        **A.    Legal Standard**

3        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

4    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

5    within the inherent power of the Court."  District courts have the inherent power to control their

6    dockets and "[i]n the exercise of that power they may impose sanctions including, where

7    appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

8    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

9    failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

10   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

11   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

12   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

13   (dismissal for failure to comply with court order).

14       In determining whether to dismiss an action, the Court must consider several factors:

15   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

18   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19       **B.    Discussion**

20       Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

21   Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

22   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

23       The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

24   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

25   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

26   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

27   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

28   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

6

1   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

2   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

3           Finally, the Court's warning to a party that failure to obey the court's order will result in

4   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

5   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's November 5, 2025 screening

6   order expressly warned Plaintiff that his failure to file an amended complaint would result in a

7   recommendation of dismissal of this action for failure to prosecute and failure to comply with a

8   court order.  (ECF No. 19.)  Thus, Plaintiff had adequate warning that dismissal could result from

9   his noncompliance.

10          Additionally, at this stage in the proceedings there is little available to the Court that

11  would constitute a satisfactory lesser sanction while protecting the Court from further

12  unnecessary expenditure of its scarce resources.  Although Plaintiff is not proceeding *in forma*

13  *pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion

14  of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his

15  case.

16  **IV.    Conclusion and Recommendation**

17          Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

18  RECOMMENDS that this action be dismissed for lack of subject matter jurisdiction, for failure to

19  obey a court order, and for Plaintiff's failure to prosecute this action.

20          These Findings and Recommendation will be submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

22  **(14) days** after being served with these Findings and Recommendation, the parties may file

23  written objections with the Court.  The document should be captioned "Objections to Magistrate

24  Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**

25  **or include exhibits.  Exhibits may be referenced by document and page number if already in**

26  **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**

27  **considered.**  The parties are advised that failure to file objections within the specified time may

28  result in the waiver of the "right to challenge the magistrate's factual findings" on

1    appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,

2    923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4    IT IS SO ORDERED.

5        Dated:    **December 17, 2025**            /s/ *Barbara A. McAuliffe*

6                                             UNITED STATES MAGISTRATE JUDGE

8